United States Court of Appeals,

Fifth Circuit.

No. 95-50540.

Ben ONTIVEROS, Sr., Plaintiff-Appellee/Cross-Appellant,

v.

ASARCO INCORPORATED, Defendant-Appellant/Cross-Appellee.

May 29, 1996.

Appeals from the United States District Court for the Western District of Texas.

Before WISDOM, EMILIO M. GARZA and PARKER, Circuit Judges.

ROBERT M. PARKER, Circuit Judge:

## I. PROCEEDINGS BELOW

Plaintiff brought a Title VII claim of discrimination on the basis of national origin. The jury found for Plaintiff and awarded $200,000 in lost future earnings and $100,000 in punitive damages. Following an evidentiary hearing, the district court awarded Plaintiff $6816.83 in backpay.

Defendant moved for judgment as a matter of law, a new trial, and remittitur of damages. The district court granted judgment for Defendant on the punitive damages claim but denied all remaining points. Defendant appeals (1) the denial of the motion for judgment as a matter of law and the motion for new trial on the underlying liability question; (2) the denial of the motion for new trial and remittitur on the backpay award; and (3) the denial of the motions for judgment as a matter of law, new trial, and remittitur on the frontpay award. Plaintiff appeals the granting of Defendant's motion for judgment as a matter of law on the

punitive damages issue.

## II. ANALYSIS

Plaintiff alleges that he was denied a promotion to day pay supervisor, a temporary position that he had held on prior occasions, because of his national origin. Defendant claims that Plaintiff failed to prove at trial, as a matter of law, that he was the victim of unlawful discrimination. In this context, a plaintiff can avoid judgment as a matter of law if the evidence taken as a whole (1) creates a fact question as to whether each of the employer's stated reasons were what actually motivated the employer, and (2) creates a reasonable inference that national origin was a determinative factor in the actions of which the plaintiff complains. *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 994 (5th Cir.1996) (en banc).

In the present case, Defendant's stated reason for its decision not to offer the position to Plaintiff was that another employee was better qualified. For the position of day pay supervisor, leadership skills, problem-solving abilities, people skills, and the ability to learn quickly determined who was qualified. Seniority and experience were not factors in the selection process. Defendant asserted that Plaintiff had not exhibited effective leadership skills and therefore was not as qualified as the person selected for the position.

In attempting to show that Defendant's stated reason was pretextual, Plaintiff points to the testimony of three employees who testified that Plaintiff has superior experience and technical

skills than the individual selected for the position. However, because these qualities were not criteria in the selection process, this testimony is not evidence of pretext.

Next Plaintiff disputes the veracity of Defendant's assessment of his leadership skills. Plaintiff contends that Defendant failed to point to any one specific incident indicating poor performance. Additionally, Defendant never brought these alleged deficiencies to Plaintiff's attention or ever criticized Plaintiff for his work. Furthermore, Plaintiff's alleged shortcomings were never documented by anyone.

To counter these arguments, Defendant points to the testimony of three supervisors that Plaintiff's performance was deficient. Furthermore, one of Defendant's employees testified that Defendant does not evaluate or counsel its employees at Plaintiff's level.

Last, Plaintiff points to alleged inconsistencies in testimony of Defendant's employees to negate Defendant's articulated reason for its decision not to promote Plaintiff. While one supervisor testified that the reason Defendant stopped using Plaintiff as a day pay supervisor in 1991 was Plaintiff's poor performance, another supervisor cited both poor performance and cost-cutting measures as reasons and a third supervisor cited only budgetary constraints. However, the issue in this case is whether Defendant's decision not to select Plaintiff as day pay supervisor in 1993 was unlawful. What Defendant did in 1991 is of little, if any, relevance.

This court should overturn a jury verdict only if it is not

3

supported by substantial evidence. *Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). The court is to consider all the evidence, giving all reasonable inferences to the nonmovant. *Id.* In this case, giving all reasonable inferences to Plaintiff and being careful not to substitute our judgment for that of the jury, we assume *arguendo* that the evidence suffices to establish a fact question as to pretext.

Nevertheless, in addition to a finding of pretext, Plaintiff must create a reasonable inference that national origin was a determinative factor in the actions of which he complains. *Rhodes,* 75 F.3d at 994. We considered this issue in great depth *en banc* only recently:

> The evidence necessary to support an inference of discrimination will vary from case to case. A jury may be able to infer discriminatory intent in an appropriate case from substantial evidence that the employer's proffered reasons are false. The evidence may, for example, strongly indicate that the employer has introduced fabricated justifications for an employee's discharge, and not otherwise suggest a credible nondiscriminatory explanation. By contrast, if the evidence put forth by the plaintiff to establish the prima facie case and to rebut the employer's reasons is not substantial, a jury cannot reasonably infer discriminatory intent.

*Id.*

In short, "[i]n tandem with a prima facie case, the evidence allowing rejection of the employer's proffered reasons will often, perhaps usually, permit a finding of discrimination without additional evidence." *Id.* By implication, *Rhodes* allows for the extremely rare situation where a finding of pretext will not permit a reasonable inference of discrimination. This case is that situation. There may barely be enough evidence to sustain a

4

finding of pretext.  However, there is insufficient evidence to support a reasonable inference of discrimination.

The denial of Defendant's motion for judgment as a matter of law as to liability is therefore REVERSED.  Accordingly, we do not reach the remaining issues on appeal.

EMILIO M. GARZA, Circuit Judge, specially concurring:

I agree that our opinion in *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989 (5th Cir.1996) (en banc), "allows for the extremely rare situation where a finding of pretext will not permit a reasonable inference of discrimination."  Maj. op. at 3564.  However, I persist in the following observation:

> I fail to understand how the Court can logically conclude that a jury—that is "permitted" to reach a specific inference through the focused Title VII framework at work in [*St. Mary's Honor Ctr. v.*] *Hicks* [, 509 U.S. 502, ----, 113 S.Ct. 2742, 2749, 125 L.Ed.2d 407 (1993) ]—could at the same time be acting outside the broad umbrella of "reasonableness" established by *Boeing.*"

*Rhodes,* 75 F.3d at 998 n. 2 (Garza, J., specially concurring).

Therefore, I concur in the judgment only.